# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

LUIS ENRIQUE ANDRADE,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-00156-RFB-MDC

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Luis Enrique Andrade's Amended Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241. See generally ECF No. 9 [hereinafter, "Petition"]. Through it, he challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Respondents are detaining Petitioner without providing an opportunity for release on bond, as they assert that he is subject to 8 U.S.C. § 1225(b)(2)(A). See ECF No. 15 at 1 [hereinafter, "Opposition"]. Petitioner argues that his detention violates: (i.) the Immigration and Nationality Act ("INA") and (ii.) the Fifth Amendment's Due Process Clause. See Petition at 4–12.

Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention. See generally Opposition. This Court is well acquainted with Respondents' interpretation of the INA, as the Court has repeatedly rejected it as unlawful. See, e.g., Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *34–35 (D. Nev. Mar. 30, 2026) (collecting cases). In fact, the Court recently granted relief on this precise issue in a related class-action, which is inextricably intertwined with this case. Specifically, the Court: (i.) declared that Respondents' interpretation is wrong; (ii.) declared that members of the Jacobo

Ramirez Class are entitled to a bond hearing under 8 U.S.C. § 1226(a); and (iii.) vacated Respondents' related policies—namely, the Board of Immigration Appeals's decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). See Jacobo Ramirez, 2026 WL 879799, at *33–34. As discussed below, the Court finds that Petitioner is a member of the Jacobo Ramirez Class. Therefore, his ongoing detention without a bond hearing is statutorily unlawful, and it has constitutional consequences that demand robust procedural remedies. Thus, the Court grants Petitioner a writ of habeas corpus and orders Respondents to supply him with a prompt bond hearing, where the government bears the burden of proof; alternatively, Respondents may immediately release him from custody.

## I.    CLASS MEMBERSHIP

From the outset, the Court finds that Petitioner is a member of the Jacobo Ramirez Class. This certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Id. at *4 (citation omitted). Based on the Parties' undisputed factual allegations, and the evidence they supply, the Court finds that Petitioner satisfies these criteria. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings). First, Petitioner is an undocumented noncitizen who is actively being detained by ICE. See Petition at 2. Second, he is in removal proceedings before the Las Vegas Immigration Court, which sits in the United States District of Nevada. See ECF No. 15-1 at 14–17 (IJ Removability Order). Third, DHS alleges that Petitioner entered the United States without inspection, admission, or parole. See ECF No. 15-1 at 2 (Notice to Appear). Fourth, Respondents are detaining him pursuant to § 1225(b)(2)(A); in other words, the government is not asserting that Petitioner is subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See generally Opposition. Fifth, Petitioner was

arrested well within our country's interior, long after he entered the United States. See ECF No. 15-1 at 7 (Form I-213). In sum, Petitioner clearly falls within the Jacobo Ramirez Class, and he is entitled to the relief afforded to the Class by this Court. Cf. Navarro v. Mukasey, 518 F.3d 729, 737 (9th Cir. 2008) ("They are, accordingly, class members eligible for relief.").

Therefore, Petitioner's ongoing detention is unlawful, as the government is improperly subjecting him to mandatory detention under § 1225(b)(2)(A), even though he is entitled to a bond hearing pursuant to § 1226(a). See Jacobo Ramirez, 2026 WL 879799, at *33–34.

## II.   DUE PROCESS

The Court also finds that Petitioner's detention violates the Due Process Clause of the Fifth Amendment. The Court has previously clarified that similarly situated noncitizens are entitled to due process under the Constitution. See, e.g., Escobar Salgado v. Mattos, 809 F. Supp. 3d. 1123, 1158–60 (D. Nev. 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d. ---, 2025 WL 3270137, at *8–9 (D. Nev. Nov. 24, 2025). The Court incorporates these holdings, and their underlying reasoning, by reference, and it applies them to the facts of this case. The Court now turns to Petitioner's due process claims.

### A. *Procedural Due Process*

To determine whether detention violates procedural due process, courts apply the three-part balancing test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1203–1207 (9th Cir. 2022) (collecting cases and clarifying that the Mathews test is appropriate in the context of immigration detention). Specifically, courts weigh the following three factors: (1.) "the private interest that will be affected by the official action"; (2.) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3.) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail." Mathews, 424 U.S. at 335 (citation omitted).

On balance, these factors weigh heavily in favor of Petitioner because: (1.) Respondents

are depriving Petitioner of his fundamental liberty interest in being from incarceration; (2.) the risk of an erroneous deprivation of liberty is extraordinarily high where immigration officials have the sole, unguided, and unreviewable discretion to detain Petitioner; and (3.) Respondents' interest in enforcing immigration law is served by a proper bond hearing, which Petitioner is entitled to under the INA. Cf. Escobar Salgado, 809 F. Supp. 3d. at 1160–62 (elaborating on this same analysis and reaching these same conclusions).

**B.  *Substantive Due Process***

Outside of the criminal context, government detention violates the substantive component of the due process clause "unless the detention is ordered . . . in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citations and quotation marks omitted). To date, Respondents have not asserted an individualized justification—let alone a special or compelling justification—for depriving Petitioner of his freedom. Accordingly, the Court further finds that Petitioner's prolonged detention, which is poised to last for an untold period of time, also violates his right to substantive due process. Cf. Escobar Salgado, 809 F. Supp. 3d. at 1162 (elaborating on this same analysis and reaching the same conclusion).

For the foregoing reasons, the Court has little difficulty concluding that Petitioner's detention violates his right to procedural and substantive due process and is, therefore, unconstitutional.

**III.     REMEDY**

Based on the record before it, the Court finds that Petitioner is subject to an intolerable risk of arbitrary, erroneous, and prolonged detention. Given the history of regulatory, statutory, and constitutional violations in this case, the Court finds that the typical procedures governing bond hearings are insufficient to safeguard our country's guarantee of due process. Moreover, Respondents have failed to proffer any alternative procedure(s) that would comply with due process; instead, they merely re-propose the same procedures—or lack thereof—that this Court

has already found to be unconstitutional. See generally Opposition. For all these reasons, the Court is not convinced that Respondents' unlawful conduct will cease in the aftermath of this Order.

Therefore, the Court finds that it must adopt equitable remedies to ensure that Respondents—including the immigration courts under Respondents' authority—abide by due process moving forward. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the appropriate remedy is a bond hearing where the burden to justify Petitioner's detention is shifted to the government. This remedy will directly address "the risk of error inherent in the truthfinding process," Mathews, 424 U.S. at 344, which has only been exacerbated by Respondents' disregard for longstanding due process principles.

Specifically, the Court orders Respondents to conduct a bond hearing for Petitioner under § 1226(a), and its implementing regulations, wherein the government must prove, *by clear and convincing evidence*, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—*e.g.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. Cf. Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that, "[g]iven the substantial liberty interest at stake[,] . . . the government must prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond," where a petitioner was in prolonged immigration detention while the Ninth Circuit reviewed his removal order), abrogation on statutory grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community" in the context of prolonged detention under 8 U.S.C. § 1226(c)). While the Court does not take this step lightly, it finds it is necessary because of the violations perpetrated by Respondents heretofore.

Consistent with its broad equitable authority to fashion a remedy for unlawful detention

"as law and justice require," and considering the injuries Petitioner has suffered and continues to suffer due to Respondents' ongoing enforcement of unlawful detention policies, the Court also orders Respondents to provide a *prompt* bond hearing—*i.e.*, no later than **April 16, 2026**. If they do not supply a bond hearing by this date, then Respondents must immediately release Petitioner from custody on his own recognizance with no substantial constraints on his liberty. See Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) ("A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. . . . The court is free . . . to fashion the remedy as law and justice require . . . .") (citations and quotation marks omitted).

Based on the foregoing, **IT IS HEREBY ORDERED** the Amended Petition for Writ of Habeas Corpus (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) by **April 16, 2026**. This bond hearing must comply with all the procedural safeguards outlined above. See supra Part III. Namely, the government bears the burden of justifying Petitioner's detention by clear and convincing evidence.

**IT IS FURTHER ORDERED** the immigration court must further create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and that is available to this Court so that it can ensure the immigration court's compliance with this Order.

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERED** that Petitioner be afforded until **May 16, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found that the regulatory automatic stay is facially unconstitutional and adopts that finding here.

See generally Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **April 16, 2026**, Respondents must **IMMEDIATELY RELEASE** Petitioner from custody on his own recognizance. This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **April 17, 2026**. The status report shall detail whether the bond hearing occurred, whether bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted, or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that if bond is denied, Federal Respondents must (1) **ATTACH** the order of the immigration court to the joint status report and (2) **PROVIDE** the contemporaneous record of the bond hearing to Petitioner's counsel upon request.

Finally, pursuant to Federal Rule of Civil Procedure 25(d), **IT IS FURTHER ORDERED** that the current Secretary of Homeland Security—Markwayne Mullin—is **SUBSTITUTED** for Respondent Kristi Noem. The Clerk of Court is kindly instructed to update the docket accordingly.

The Clerk of Court is further instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file

an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.


**DATED:** April 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**